UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL DEARK GARDNER                                                          PETITIONER

VERSUS                                          CIVIL ACTION NO. 1:17CV261-HSO-RHW

DWAIN BREWER et al                                                              RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Michael Deark Gardner filed on September 20, 2017, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. Gardner currently is serving a ten-year sentence following his conviction for possession with intent to distribute marijuana. Doc. [6-1]. The trial court entered the sentencing order on August 28, 2014. *Id.* Gardner filed an appeal with the Mississippi Supreme Court. On September 17, 2015, the Mississippi Supreme Court affirmed the conviction and sentence. Doc. [6-2]. Through counsel, Gardner filed an application for post-conviction relief on May 2, 2016. Doc. [6-3]. The Mississippi Supreme Court denied the application on August 3, 2016. Doc. [6-4]. By order dated August 29, 2016, the Mississippi Supreme Court denied Gardner's motion for reconsideration of his petition for post-conviction relief. Doc. [6-5]. On September 20, 2017, through counsel, Gardner filed the instant § 2254 petition. Respondent has filed a motion to dismiss the petition as time-barred by the AEDPA's one-year limitation. Doc. [6].

### LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered judgment of conviction and sentence on August 28, 2014. The Mississippi Supreme Court affirmed the judgment on September 17, 2015. Petitioner filed a motion for rehearing in the Mississippi Supreme Court, which was denied on December 3, 2015. There is no record nor allegation that Petitioner sought a writ of certiorari in the United States Supreme Court; therefore, his judgment became final 90 days after the Mississippi Supreme Court denied his petition for rehearing, or in this case, his judgment became final on March 2, 2016. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Absent tolling, Gardner's § 2254 petition would need to be filed by March 2, 2017, to be timely. Gardner filed an application for post-conviction relief, through counsel, on May 2, 2016, thereby tolling the one-year limitations period. The Mississippi Supreme court denied the application on August 3, 2016. Accordingly, pursuant to § 2244(d)(2), the one-year limitations period was tolled for 93 days during the pendency of his application for post-conviction relief. In other words, to be timely, Gardner needed to file his § 2254 petition by

2

June 5, 2017 (March 2, 2017, plus 93 days).  Gardner did not file the instant petition until September 20, 2017, approximately 107 days past the deadline.  Gardner has not filed a response in opposition to dispute Respondent's timeline.  Accordingly, Gardner's petition is time-barred.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 2562.  Gardner fails to allege or argue any extraordinary circumstance that would justify equitable tolling.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [6] Motion to Dismiss be GRANTED and that Michael Deark Gardner's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE